Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2610 | **DATE** | 4/8/2013 |
| **CASE TITLE** | Bonds vs. Orr | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed *in forma pauperis* is granted. However, for the reasons stated below, Plaintiff's emergency motion for TRO, injunction, and declaratory judgment is respectfully denied and this case is dismissed for lack of subject matter jurisdiction.

■[ For further details see text below.]              Docketing to mail notices.

## STATEMENT

This action was commenced in federal court on Monday, April 8, 2013. A courtesy copy of the instant emergency motion was tendered to the Court around 1:00 p.m., along with an application for leave to proceed *in forma pauperis* (and financial affidavit). After a brief initial review of the complaint and the attachments, the Court instructed Plaintiff to file and serve her motion and that the motion would be heard at 3:30 p.m. in order to give Defendant an opportunity to appear while giving the Court an opportunity to issue a ruling today. Plaintiff and counsel for Defendant appeared at the scheduled time for the hearing and presented argument on the emergency motion. As the Court noted at the hearing, Plaintiff (proceeding *pro se*) very helpfully has attached a number of exhibits to her motion that have facilitated the Court's (and defense counsel's) expeditious review of the case.

According to her complaint, Plaintiff is a write-in candidate for an elected seat on the school board of Community High School District 218. The election is scheduled to take place tomorrow, Tuesday, April 9, 2013. Plaintiff seeks immediate injunctive relief, *inter alia*, in the form of a temporary restraining order directing Defendant to list Plaintiff's name as a write-in candidate for tomorrow's election.

Plaintiff's allegations include a procedural history of her previous attempts to obtain relief in state court on the same claims. As Plaintiff notes, she filed a lawsuit against Defendant in the Circuit Court of Cook County on March 21, 2013. The orders which Plaintiff has attached to her lawsuit show that the state courts have ruled against her at every level: on March 27, 2013, the Circuit Court granted Defendant's motion to dismiss and expressly noted that it was entering a final and appealable order; on April 4, the Appellate Court denied relief on Plaintiff's appeal of the trial court's order; also on April 4, the Supreme Court denied Plaintiff's emergency motion for a supervisory order. As Plaintiff clarified at today's hearing, she has not sought to take a direct appeal to the Illinois Supreme Court (whether as of right or by an emergency petition for leave to appeal), nor has she sought relief in the Supreme Court of the United States.

In this federal litigation, Plaintiff focuses on federal claims under the 14th and 15th Amendments to the

# STATEMENT

Constitution of the United States and a federal statute, the 1965 Voting Rights Act. In her complaint, Plaintiff states (¶ 8) that she raised her federal claims in the state court litigation, but contends that the "State of Illinois" B which she contends includes Defendant, his lawyers, and the Illinois judiciary (¶ 19) B Autterly ignored them and refused to rule on [those claims] in any way" (¶ 8). In Plaintiff's words, the state courts "have punted on these issues." (¶17)

Plaintiff recognizes (¶ 7) that the *Rooker-Feldman* doctrine ordinarily precludes a federal district court from reviewing state court decisions. Plaintiff appears to invoke two rationales for avoiding the *Rooker-Feldman* bar in this instance. As explained, below, neither applies in the circumstances of this case.

First, she suggests that her federal constitutional and statutory claims make this a "specialized case" that is cognizable in federal court notwithstanding *Rooker-Feldman*. Plaintiff is correct that Congress has the power to create exceptions to the *Rooker-Feldman* doctrine by conferring jurisdiction over particular matters on the federal courts, as it has done, for example, in regard to habeas corpus, certain bankruptcy matters, and matters over which the federal courts have exclusive jurisdiction, such as ERISA. See 18 MOORE'S FEDERAL PRACTICE ¶ 133.33[1][d], at 133-60.4-133-60.5 (2011). However, Plaintiff has not pointed to B nor has the Court located B any such statutory exception that applies here.

Second, Plaintiff appears to contend that her federal claims are cognizable in this Court because the state courts ignored them in their prior rulings. This contention fails for at least two reasons. To begin with, the state trial court order on its face grants Defendant's motion to dismiss in its entirety. The fact that the state court order did not specifically address each argument raised by Plaintiff and explain why the argument has been rejected does not mean that the argument has been ignored or that the court has "punted." Frequently when matters are presented on an emergency basis, courts do not issue detailed explanation of their rulings. Expedition is more important that explanation when time is of the essence. But there is no basis for inferring that the arguments that Plaintiff acknowledges she raised were not considered. And because those claims were in fact raised in the state court, they are not "independent" claims that *might* be outside the scope of the *Rooker-Feldman* bar. See *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012). Nor, for the same reasons, can Plaintiff reasonably contend that she was not afforded a "reasonable opportunity" to raise her claims in state court. *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 901-02 (7th Cir. 2010). For *Rooker-Feldman* purposes, any matters that were or could have been raised fall within the scope of the bar on federal district court review. *Brown*, 668 F.3d at 442 ("If the plaintiff could have raised the issue in state court, the claim is barred under *Rooker-Feldman*"). To the extent that Plaintiff believes that her winning arguments have been ignored, her remedy is to appeal through the state court system and then to the Supreme Court of the United States, which is the only federal court permitted to review the rulings of state courts (absent specific Congressional authorization that is lacking here). See *Gilbert*, 591 F.3d at 901-02 (rejecting proposition that plaintiff could avoid *Rooker-Feldman* bar where plaintiff contended that state court denied plaintiff due process by failing to "squarely address" plaintiff's argument); see also *Wendt v. Univ. of Ill.*, 215 F.3d 1331, 2000 WL 554454, at *2 (7th Cir. May 31, 2000) (unpublished) (noting that plaintiff's argument that state courts "failed to adequately address the constitutional issues raised in his complaint * * * effectively asks the lower federal court to examine the state court decisions and overturn them B the exact result prohibited by *Rooker-Feldman*"); *In re Barsh*, 197 F. App'x 208, 215, 2006 WL 2485852, at *6 (4th Cir. Aug. 29, 2006) (unpublished) ("If Barsh believed that the state court did not adequately or correctly address the theories upon which relief was sought or explain why it had rejected those theories, the appropriate avenue was appeal, not raising the same issues in a collateral action in federal court.").

In sum, for all of the reasons stated above, Plaintiff's federal lawsuit is barred by the *Rooker-Feldman*

| STATEMENT |
|---|
| doctrine and this case must be dismissed for lack of subject matter jurisdiction. See *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 294 (7th Cir. 2007). In view of the jurisdictional bar, this Court expresses no opinion on the merits of Plaintiff's claims. |