# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2610 | **DATE** | 4/29/2013 |
| **CASE TITLE** | Bonds vs. Orr | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to proceed *in forma pauperis* on appeal [8] is respectfully denied. The Clerk is directed to issue a Rule 58 judgment, which was overlooked at the time of the Court's prior order disposing of Plaintiff's emergency motion (and this case in the district court).

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Federal Rule of Appellate Procedure 24(a)(1) directs parties who wish to appeal *in forma pauperis* to file their motion in the district court in the first instance. In an order entered earlier this month, the Court granted Plaintiff's application for leave to proceed *in forma pauperis* in the district court, see [5], on the day that the Court considered Plaintiff's emergency motion for declaratory and injunctive relief. Under Federal Rule of Appellate Procedure 24(a)(3), a party who was permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding" or "a statute provides otherwise." There is no statute preventing Plaintiff from appealing *in forma pauperis*, so the remaining question is whether her appeal is in good faith.

In *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000), the Seventh Circuit explained that whether an appeal is in good faith does not turn on the would-be appellant's subjective intent; rather, an appeal is not in good faith if it is based on an objectively frivolous claim, "which is to say a claim that no reasonable person could suppose to have any merit." As indicated in the order dismissing the case following the presentation of Plaintiff's emergency motion for declaratory and injunctive relief, this Court concluded that the *Rooker-Feldman* doctrine barred Plaintiff's lawsuit and required dismissal of the case for lack of subject matter jurisdiction. As the Court noted, by Plaintiff's own admission, all of the claims that she sought to litigate in her federal lawsuit previously were raised in a state court action that was dismissed in its entirety by the state trial court. After Plaintiff's efforts to obtain relief from the Illinois Appellate Court and Illinois Supreme Court were denied, Plaintiff turned to this Court for a ruling on issues as to which she asserted the state courts had "punted." These are precisely the circumstances in which *Rooker-Feldman* bars an end run around the state court system and, ultimately, an appeal to the Supreme Court of the United States.

Because the Court adheres to its previously articulated view of the proper disposition of the case, it concludes

| STATEMENT |
|---|

that any appeal by Plaintiff would be legally frivolous. In so ruling, the Court stresses that it does not doubt Plaintiff's subjective good faith in bringing this case in the first instance. The Court is aware, of course, that for purposes of considering a motion to proceed on appeal *in forma pauperis*, "a weak case does not a frivolous case make." *Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 676 (7th Cir. 2005). However, as the Seventh Circuit also has explained, "no amount of subjective good faith can bolster a frivolous claim to entitle a party to pauper status" on appeal. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982); see also *Lee*, 209 F.2d at 1026 (equating "bad faith" with a legally frivolous claim); *Jones v. Millard*, 1997 WL 759299, at *1 (5th Cir. Oct. 29, 1997) (per curiam) (denying motion for leave to appeal *in forma pauperis* and dismissing appeal as frivolous where "[t]he district court was correct in determining that Jones' lawsuit amounted to little more than a collateral attack on the family-court judgment and that, under the *Rooker/Feldman* doctrine, it lacked jurisdiction over the action"); *Eckardt v. Kouri*, 2011 WL 3625628, at *1 (C.D. Ill. Aug. 17, 2011) (denying motion to appeal *in forma pauperis* as frivolous where claims failed on account of judicial immunity and the *Rooker-Feldman* doctrine). In the Court's view, because the *Rooker-Feldman* doctrine divests the federal courts of jurisdiction over Plaintiff's claims, Plaintiff's appeal falls beyond the threshold of frivolous, see *Steele v. Cottey*, 2000 WL 1544779, at *2 (7th Cir. Oct. 16, 2000); *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994), and thus her motion to proceed on appeal *in forma pauperis* [8] is respectfully denied.

Finally, the Court will address two housekeeping matters. First, after rereading its April 8 order [5], the Court notes a word processing glitch that affects the readability of that order. Specifically, in the version of the order uploaded to the docket, each time that the Court intended to use a dash (–), the opinion contains a capital B. Given Plaintiff's expressed intent to seek appellate review, the Court will issue a corrected order today correcting the glitch. Second, the Court will direct the Clerk to enter a Rule 58 judgment, which was overlooked at the time of the Court's prior order disposing of Plaintiff's emergency motion (and this case in the district court). See *City of Yorkville ex rel. Aurora Blacktop, Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 715-16 (7th Cir. 2011) (explaining that dismissal of a case for lack of subject matter jurisdiction is a final judgment).